United States District Court
for the
Southern District of Florida

| Erika Elizabeth Tabares, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 17-23288-Civ-Scola |
| | ) | |
| James McCament, Defendant. | ) | |

**<u>Order on Motion to Dismiss</u>**

  The Defendant, the Acting Director of U.S. Citizenship and Immigration Services ("USCIS"), has filed a motion to dismiss (ECF No. 10) the complaint in this case as moot.

  Article III of the Constitution grants federal courts judicial power to decide only actual "Cases" and "Controversies." U.S. Const. Art. III § 2. "There are three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." *Zinni v. ER Sols., Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) (quoting *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011)). With respect to mootness, the Supreme Court "has explained 'a federal court has no authority to give opinions upon moot questions . . . .'" *Id.* (quoting *Church of Scientology of Cal. V. United States*, 506 U.S. 9, 12 (1992)). A case is moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotations and citations omitted); *see also Christian Coal.*, 662 F.3d at 1189 (citations omitted); *Zinni*, 692 F.3d at 1166 (citations omitted). A live controversy must exist throughout all stages of a court's review, not just at the time the complaint is filed. *Christian Coal.*, 662 F.3d at 1189-90 (citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). The standard for dismissing a case on the basis of mootness is "stringent." *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968). "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.*; *see also Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1183 (holding that the defendant had not "met its heavy burden of showing under controlling law that it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)).

In the complaint (ECF No. 1), the Plaintiff seeks mandamus, based upon the untimely processing of her I-485 application for lawful permanent residence. The Defendant contends that the complaint is now moot because USCIS has completed processing of the Plaintiff's I-485 application, which was denied on April 5, 2018. The Defendant has attached a copy of that decision to the motion. (*See* ECF No. 10-1.) The Plaintiff has not responded to the motion, and the time to do so has passed. Upon review, the Court determines that the complaint is indeed moot, as the Defendant has completed review and rendered a decision in the Plaintiff's I-485 application.

Accordingly, the Court **grants** the Defendant's motion to dismiss (**ECF No. 10**). The Clerk of Court is directed to **close** this case.

**Done and ordered** at Miami, Florida, on April 20, 2018.

Robert N. Scola, Jr.
United States District Judge